Tuttman, Kathe M., J.
This is a wrongful death action. The plaintiffs son, Han Duy Nguyen (Han or the decedent), a twenty-five-year-old graduate student at defendant Massachusetts Institute of Technology (MIT or the university), died on June 2,2009, when he jumped off the roof of a building on the MIT campus. Han’s death was determined to be a suicide by the Office of the Chief Medical Examiner for Massachusetts. The plaintiff claims, inter alia, that MIT and the individual defendants, its employees, were negligent in their interactions with Han and his family and in their failure to comply with or enforce certain university policies or protocols, and that this negligence caused Han’s suicide. The plaintiff also seeks punitive damages, claiming that the defendants were grossly negligent. The matter came before the Court for hearing on the plaintiffs motions to compel discovery. The plaintiff seeks production of documents and responses to interrogatories from MIT.[1]
DISCUSSION
The scope of permissible discovery is governed by Mass.R.Civ.P. 26. In general, parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the action. Mass.R.Civ.P. 26(b)(1). However, “(t]he conduct and scope of discovery is within the sound discretion of the judge.” Solimene v. B. Grauel & Co., KG, 399 Mass. 790, 799 (1987). A judge considering a motion to compel discovery has broad discretion to place appropriate limitations on the scope of discovery if requests are unduly burdensome or overly broad. Mass.R.Civ.P. 26(c).
At the hearing on the discovery motions, plaintiffs counsel broke down the outstanding request into several categories; these will be considered in the sequence in which they were argued rather than in strictly numerical sequence.
I. Discovery Request No. 7
This request seeks MIT campus police incident and investigation reports relating to suicides or suspected suicides from January 1, 1999 to the present. The plaintiff contends that these reports are relevant as they may bear on the issue of punitive damages; specifically, the degree of blame that may be attributable to MIT based on patterns that may be revealed with respect to the circumstances surrounding the prior deaths. In its opposition, MIT cites to two earlier Superior Court decisions denying discovery of such reports in similar wrongful death cases involving students who purportedly *58 committed suicide at MIT. Here, however, the plaintiff has made a more comprehensive showing of relevance, both with regard to a pattern of students at MIT jumping from heights, and to the university’s stated intention in 2006 to enhance the quality of student life and support for mental health services and suicide prevention initiatives. Accordingly, this request is allowed.
The reports at issue are likely to contain highly sensitive information about the students involved, their families and friends. Therefore, prior to releasing the reports, the university shall redact the names, home and campus addresses, and other identifying information for each deceased student, his or her family members, and any identified non-family members who were also students at the university at the time. Redaction of names shall be accomplished by using pseudonyms.
II.Discovery Request No. 30
This request seeks all documents that reflect, refer to, or relate to the number or percentage of MIT students who have expressed suicidal ideation during mental health therapy at MIT, who are treated by a mental health professional at MIT, who subsequently commit suicide while at MIT. This information is potentially relevant. The request does not seek any privileged information as it only relates to numerical or statistical data. To the extent the university has already compiled such data, the request is allowed. If such data does not exist, it need not be produced, as production would be unreasonably burdensome.
III. Discovery Requests Nos. 5, 28 and 29
Request No. 5 seeks the personnel files of the decedent, Han Nguyen, and of the individual defendants Wernerfelt, Prelec and Randall. MIT has agreed to produce Han Nguyen’s personnel file. Request Nos. 28 and 29 seek all documents referring or relating to a failure by the individual defendants to cany out their obligations at MIT in connection with the issue of student suicide, and documents prepared by the individual defendants referring or relating to the same. These requests are denied without prejudice. The plaintiff may pursue the information sought through depositions and interrogatories.
IV. Discovery Requests Nos. 24 and 25[2]
These requests seek email or other data contained within MITs computer system relating to the decedent, including, but not limited to emails sent by or to the named defendants and numerous other identified individuals. MIT has agreed to these requests in part, as they relate to certain of the named individuals, specifically: Wernerfelt, Cayley, Monagle, Randall, Barnes, Siegel, Girard, Lerman, Braun, Prelec, Gabrielli, and Hedden.
These requests are allowed, as follows: MIT shall produce emails or other data contained within its computer system relating to the decedent and initiated or sent as a reply by the remaining individuals — Lerman, Simester, Little, Urban, Hauser, Tucker, Zhang and Hockfield.
V.Discovery Requests Nos. 34, 35 and 36
These requests seek materials presented to the MIT Corporation and Board of Trustees about the issue of student suicide in general and the issue of suicide as it relates specifically to the decedent. MIT has agreed to produce documents relating to the decedent, but otherwise objects. The requests are plainly relevant and are allowed• however, MIT shall redact the names (by using pseudonyms) and identifying information regarding other students who may be referenced in such documents.
VI.Discovery Request No. 38
This request seeks the telephone records of defendant Birger Wernerfelt from MIT telephone numbers or accounts on June 2, 2009, the date of Han’s death. The plaintiff already has documents showing that there were thirteen minutes of telephone contact between Wernerfelt and Han on that day, immediately preceding Han’s death. The plaintiff seeks information about telephone calls that may have been made between Wernerfelt and other defendants. This request is denied First, to the extent this information may be relevant, the plaintiff may inquire about such telephone calls by way of interrogatories and/or deposition testimony, and has apparently already done so by way of interrogatory requests. Second, MIT represents in its opposition that its records are routinely purged after ninety days and therefore did not exist at the time this request was filed.
VII.Interrogatory Nos. 18 and 19
These interrogatories seek the same information referenced in Discovery Request No. 30. To the extent the university has already compiled such data, the request is allowed. If such data does not exist, no response is required, as compiling the data would be unreasonably burdensome.
VIII. Interrogatory No. 23
This interrogatory seeks identifying information about all MIT students who have committed suicide from January 1, 1990 to the present. This request is denied as overly broad in time frame, and as otherwise duplicative of information that will be provided in response to Discovery Request No. 7.
IX. Interrogatory No. 24
This interrogatory seeks identifying information regarding court cases brought against MIT arising out of alleged student suicides from January 1995 to the present. This request is plainly relevant and is allowed to the extent that MIT shall provide the case name, court name and docket number of all such cases. Additional information is publicly available and need not be provided.

 While the motions to compel are directed at defendant MIT, the arguments put forth apply to the individual defendants as well, and the individual defendants have joined the opposition. To the extent applicable, the orders established herein likewise apply to the individual defendants.

 At hearing, plaintiffs counsel represented that he was no longer pursuing a response to Discovery Request 26.